a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GURAMI CHIKVILADZE #A249-101-389,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-01609<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus filed by pro se Petitioner Gurami  Chikviladze ("Chikviladze"), an immigration detainee at River Correctional Center in Ferriday, Louisiana.  ECF No. 10.  Chikviladze alleges that there is no substantial likelihood of his removal in the reasonably foreseeable future, and he seeks release from detention.

Because Chikviladze establishes entitlement to relief, the Petition should be GRANTED.

## I.    Background

Chikviladze is a native and citizen of Georgia who entered the United States on September 13, 2023.  ECF No. 12-1 at 1.  Chikviladze was ordered removed to Georgia, but granted withholding of removal.  ECF Nos. 1, 12-1.  On September 16, 2024, the Department of Homeland Security ("DHS") appealed the immigration

judge's decision.  ECF No. 12-1 at 1.  The Board of Immigration Appeals dismissed the appeal on March 11, 2025.  *Id.*

Chikviladze has been detained for two and one-half years, the last 12 months of which were post-removal order detention.  *Id.*

## II.    Law and Analysis

This Court has jurisdiction to consider Chikviladze's challenge to his continued post-removal order detention.  *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it.  Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, No. 3:25-CV-1700, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, No. 25-CV-1947, 2026 WL 19378 (W.D. La. Jan. 2, 2026).  Because the Court has jurisdiction to consider Chikviladze's claims, it turns now to the merits.

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal.  *See* 8 U.S.C. § 1231(a)(1)(A).  However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that

alien's removal from the United States. *See Zadvydas*, 533 U.S. at 701. In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

Chikviladze's order of removal became final on March 11, 2025, when DHS's appeal was dismissed. Thus, Chikviladze has been detained beyond the presumptively reasonable period, and the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Chikviladze has satisfied his initial burden of demonstrating that a significant likelihood of removal in the reasonably foreseeable future does not exist. He was granted withholding of removal to Georgia, the only country to which he is a citizen. And he alleges that the Government cannot remove him to Azerbaijan. ECF No. 1-2 at 3.

The Response to the Petition contains the Declaration of Assistant Field Office Director Charles Ward ("Ward").  Ward attests that a request for acceptance was sent to the Embassy of Azerbaijan on March 30, 2025, but the Government received no response.  ECF No. 12-1 at 2.

On May 13, 2025, a request for acceptance was sent to the Consulate of Honduras "to determine if the country is willing to accept" Chikviladze. *Id.*  Honduras officials denied the request two days later.

On June 15, 2025, the Government turned to the Consulate of Columbia, which has yet to acknowledge the request.  *Id.*

No additional requests were made for the next eight months, until February 7, 2026, when a request for acceptance was sent to the Consulate of Turkey.  *Id.*  That request remains pending.

The Government does not argue that it is likely, or even possible, that this fourth country—to which Chikviladze has no ties—will accept him.  Whatever latitude § 1231(a)(6) and executive policy may afford for temporary, good-faith efforts to secure travel documents, they do not permit the Government to detain a non-citizen indefinitely while it waits on speculative, undefined, and shifting possibilities of removal to a country whose willingness to receive Chikviladze remains uncertain. *See Zadvydas*, 533 U.S. at 689–701.  All efforts to remove Chikviladze for the last 12 months have failed.  Accordingly, the Government has not met its burden to show that there is any significant likelihood of removal in the reasonably foreseeable future.

III.    Conclusion

Because Chikviladze is entitled to relief under *Zadvydas*, IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED, and Chikviladze released from detention.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, March 3, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

5